IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYMAR STANTON ADAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S CUSTOMS AND BORDER PROTECTION, et al.,<br><br>  Defendants. | No.  C 14-04673 BLF (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket Nos. 17 & 24) |

Plaintiff, a federal prisoner proceeding *pro se*, filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361, challenging the seizure of property in California. Plaintiff sought the following relief: (1) Defendants notify the United States District Court in South Dakota that they seized the property at issue; (2) Defendants return the seized property; and (3) Defendants desist from further efforts to liquidate the property.[1] (Pet. at 5.) Defendants filed a motion to dismiss or, in the alternative, motion

---

[1] Plaintiff also filed a motion for a temporary injunction, (Docket No. 2), to prohibit the sale of the seized property, which the Court denied as moot following the Defendants' stated intent that they would not dispose of the property until this matter had been adjudicated. (*See* Docket No. 16.) *See infra* at 3.

Order Granting MSJ
P:\PRO-SE\BLF\CR.14\04673Adams_grant-msj.wpd

for summary judgment, (Docket No. 17), to which Plaintiff filed opposition and Defendants a reply. Plaintiff then filed a motion for summary judgment, (Docket No. 24), to which Defendants filed opposition and Plaintiff filed a reply.

## DISCUSSION

### I. Statement of Facts

The following facts are undisputed unless otherwise noted. On July 10, 2012, Plaintiff was indicted in the District of South Dakota for conspiracy to distribute a controlled substance pursuant to 21 U.S.C. §§ 841(a)(1) and 846. (Scharf Decl., Ex. A.) On September 17, 2012, the U.S. Customs and Border Protection ("CBP") issued a CAFRA[2] seizure notice to Plaintiff, informing him that the following property located in Arcata, California, had been seized on July 18, 2012: (1) $10,139.00 in U.S. Currency; (2) a 2011 Ford F-350 truck (valued at $24,889.00); and (3) a 2011 Harley-Davidson motorcycle (valued at $7,250.00). (*Id.*, Ex. B.) The notice described the options available to Plaintiff if he had an interest in the property, including: (1) filing a petition to cancel the forfeiture; (2) paying the full appraised value of the property; (3) filing an offer in compromise; (4) abandoning the property; or (5) requesting judicial proceedings. (*Id.*) In response, Plaintiff submitted an offer in compromise for the two vehicles on September 27, 2012; the petition included two cashier checks totaling $15,250.00. (*Id.*, Ex. C.) The petition made no mention of the $10,139.00 in cash. (*Id.*) CBP responded on October 3, 2012, stating that the petition would be held in abeyance due to the criminal investigation by Immigration and Customs Enforcement pending against Plaintiff. (*Id.*, Ex. D.) CBP returned Plaintiff's cashier's checks. (*Id.*)

A third superseding indictment was filed against Plaintiff in the District of South Dakota on January 8, 2013; the indictment indicated that Plaintiff's property was subject to forfeiture upon conviction. (Scharf Decl., Ex. E.) Plaintiff was arrested in Eureka, California on January 11, 2013. (*Id.*, Ex. F.) On June 18, 2013, CBP informed Plaintiff

---

[2]Civil Asset Forfeiture Reform Act of 2000.

Order Granting MSJ
P:\PRO-SE\BLF\CR.14\04673Adams_grant-msj.wpd         2

that the administrative forfeiture was proceeding against the items seized in Arcata, California, and it would now accept administrative consideration of his request. (*Id.*, Ex. G.) Plaintiff resubmitted his initial offer for the two vehicles on June 19, 2013. (*Id.*, Ex. H.) The offer, again, made no mention of the $10,139.00 in cash that was seized. (*Id.*) In response, CBP noted that the petition did not include tender of an offer amount, which must be submitted if the offer was to be considered. (*Id.*, Ex. I.) Plaintiff resubmitted tender of an offer in the amount of $15,250.00 for the two vehicles on July 15, 2013. (*Id.*, Ex. J.) Because the offer was limited to the two vehicles, the $10,139.00 cash seized was declared forfeited on August 26, 2013. (*Id.*, Exs. K-L.)

On November 19, 2013, Plaintiff withdrew his petition because he was taken into custody pursuant to a plea and therefore would be unable to retrieve his vehicles. (Scharf Decl., Ex. M.) CBP confirmed receipt of Plaintiff's withdrawal on January 15, 2014, and indicated that forfeiture proceedings against the truck and motorcycle would begin in thirty days. (*Id.*, Ex. N.) Plaintiff was convicted of conspiracy to distribute a controlled substance on March 25, 2014.

On June 10, 2014, Plaintiff submitted another petition requesting relief from the forfeiture of the two vehicles. (Scharf Decl., Ex. O.) On July 2, 2014, CBP denied the claim as untimely, and stated that administrative forfeiture proceedings against the seized property would continue. (*Id.*, Ex. P.)

Plaintiff filed the instant petition for writ of mandamus in this Court on October 16, 2014.

## II. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential

element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *See Liberty Lobby*, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Id.* at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. *See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity

the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. *See id.*; *see, e.g., Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

### A. Defendants' Motion for Summary Judgment

Defendants seek dismissal or summary judgment on all of Plaintiff's claims. The Court finds that consideration of the submitted evidence is necessary to the determination of the issues presented and thus reviews the matter only as a motion for summary judgment.

#### 1. Notice Claim

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is an extraordinary remedy, however. It is available to compel an officer of the United States to perform a duty only if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986) (citations omitted).

Defendants assert that mandamus is not a basis of jurisdiction for Plaintiff's notice claim. (Docket No. 17 at 7.) First of all, Defendants argue that Plaintiff has not and cannot identify a plainly prescribed nondiscretionary duty. (*Id.*) Plaintiff cites to section 1355(d) of the United States Code in support of his claim that Defendants had a duty to inform the District Court of South Dakota of the seized property and the forfeiture proceedings thereon because that is where the criminal prosecution was taking place. (*Id.* at 2-3.) Section 1335(d) states that "any court with jurisdiction over a forfeiture action... may issue and cause to be served in any other district such process as may be required to bring before the court the property that is subject to the forfeiture action." 28 U.S.C. § 1355(d). Defendants assert that this statute does not prescribe a nondiscretionary,

ministerial duty. (Docket No. 17 at 8.) The Court agrees. The statute does not prescribe any duty, discretionary or ministerial, that would require CBP provide notice to any and all district courts of seized property which *may* be brought before it. It simply allows for nationwide service of process. (*Id.*) Accordingly, Plaintiff's reading of the law in this respect is incorrect, and he has failed to show that notice to the South Dakota court was a plainly prescribed ministerial duty. *See Fallini*, 783 F.2d at 1345.

Secondly, Plaintiff fails to show that no other adequate remedies were available to him. Plaintiff was provided several opportunities to obtain the seized property. He did in fact twice make offers in compromise which were duly considered by Defendants. *See supra* at 2-3. The first petition was held in abeyance due to the criminal investigation pending against Plaintiff, and Plaintiff voluntarily withdrew the second petition because he was unavailable to retrieve the vehicles. *Id.* When Defendants accepted the withdrawal of the second offer, they also notified Plaintiff that they would be initiating administrative forfeiture proceedings against the vehicles. *Id.* Plaintiff took no further action until six months after the CBP confirmed the withdrawal of his petition, when he attempted to file another petition for relief. *Id.* Plaintiff's failure to take timely advantage of the remedies available to him does not warrant the "extraordinary remedy" of a writ of mandamus. Accordingly, Plaintiff has failed to show that mandamus jurisdiction is appropriate for his notice claim.

Defendants also point out that Plaintiff could have provided notice to the District of South Dakota himself. At the time he received notice of the seized property on September 17, 2012, he had already been indicted as of July 2012. *See supra* at 2. Plaintiff was convicted nearly two years later in March 2014, and the forfeiture of money judgment for the amount of $50,000 in connection therewith was entered on March 25, 2014. (Reply, Ex. E.) The undisputed evidence shows that Plaintiff and his attorney were actively corresponding with Defendants during this time and were aware of the status of the seized property. However, Plaintiff offers no explanation in his petition as to why he did not inform the District of South Dakota about the pending administrative forfeiture

proceedings against him when he was fully capable of doing so. He could have at anytime notified the South Dakota court of the administrative forfeiture proceedings and perhaps had the seized property in California taken into account with his criminal forfeiture judgement. He did not.

Lastly, Defendants also submit that although they had no legal obligation to do so, they have since notified the District of South Dakota of the forfeiture proceedings pending against Plaintiff by emailing a copy of Plaintiff's Petition for Writ of Mandamus along with the related motion and papers, to the United States Attorney who prosecuted Plaintiff in the District of South Dakota. (Docket No. 17 at 9.) Accordingly, Plaintiff's notice claim is now moot.

### 2. **Restitution Claim**

Defendants assert that Plaintiff's request for the return of the seized property is barred because he failed to exhaust the administrative remedies available to him by CBP. (Docket No. 17 at 10.)[3]

A plaintiff must exhaust all available administrative remedies before pursuing judicial action. *Ancient Coin Collectors Guild v. U.S. Customs and Border Protection*, 801 F.Supp.2d 383, 416 (D. Md. 2011) quoting *Volvo GM Heavy Truck Corp. V. U.S. Dep't of Labor*, 118 F.3d 205, 209 (4th Cir. 1997). Exhaustion of such remedies is excused only if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is meant to further. *Volvo GM Heavy Truck Corp.*, 118 F.3d at 209.

The undisputed evidence shows that Plaintiff received notice of the seized property on September 17, 2012. *See supra* at 2. Plaintiff was informed of the various options available to him, including: (1) filing a petition to cancel the forfeiture; (2) paying the full appraised amount for the property; (3) filing an offer in compromise for the property; (4)

---

[3] Defendants also assert that Plaintiff has failed to provide any evidence indicating why the subject property is not forfeitable. (Docket No. 17 at 11.) Because the Court finds administrative remedies have not been exhausted, the Court need not address this argument.

abandoning any claim or interest in the property; (5) requesting the case for judicial action. (Scharf Decl., Ex. B.) Plaintiff had thirty days from the date of the letter to elect options 1 through 4, and until October 22, 2012, to request judicial action. *Id.* Plaintiff chose to submit an offer in compromise, and timely filed an offer of $15,250.00 for the truck and motorcycle on September 27, 2012. *See supra* at 2. He did not make any offer with respect to the $10,139.00 that was seized, nor did he pursue any other course of action offered to him by CBP. Accordingly, the thirty day deadline lapsed for all of his other potential administrative remedies.

CBP notified Plaintiff that they were moving forward with administrative consideration of his request on June 18, 2013, and directed him to submit documentation in support within 30 days of the letter. *See supra* at 2-3. Plaintiff filed a response, resubmitting his original offer in compromise, which he later withdrew on November 19, 2013. *Id.* at 3. Defendants confirmed receipt of the withdrawal on January 15, 2014. *Id.* Then on June 10, 2014, nearly six months later, Plaintiff attempted to file an additional administrative claim for his property, attaching a CBP Official Notification titled "Notice of Seizure and Intent to Forfeit (CAFRA)" posted on April 21, 2014, with a June 20, 2014 deadline for failing a claim. *Id.*; (Scharf Decl., Ex. O.) CBP denied this petition as untimely. (*Id.*, Ex. P.)

Defendants assert that since Plaintiff received personal notice in September 2012, he was bound by the deadlines set forth in the personal notice letter. (Docket No. 17 at 11, citing 18 U.S.C. § 983(a)(2)(B).) Plaintiff cannot later rely on a publication deadline to extend the deadline for submitting a claim. *Id.* Accordingly, Plaintiff had until 30 days after the September 17, 2012 notice to file for an administrative remedy, which he did by electing to file an offer of compromise. *See supra* at 2. Plaintiff then voluntarily sought to withdraw the offer when it became apparent that he would be unable to retrieve the vehicles. *Id.* at 3. The Court notes that his letter in this regard is titled "Additional Information in Support of *Untimely* Petition for Relief re Jaymar Adams." (Scharf Decl., Ex. M, emphasis added.) The letter begins as follows: "This letter is a request that the

*untimely* Petition for Relief be withdrawn and the checks provided be returned." (*Id.*, emphasis added.) Although the untimeliness of his offer in compromise was never raised as an issue by the CBP, it appears that Plaintiff sought to use that potential fact to rescind his offer and have the checks tendered therewith returned to him. It is clear that Plaintiff was aware of the filing deadlines for pursuing his administrative remedies and sought to use them in his favor in order to revoke what had become an undesirable offer. As such, Plaintiff's subsequent attempt to rely on the June 10, 2014 deadline is unpersuasive. Based on the foregoing, Defendants have established that Plaintiff failed to exhaust his administrative remedies, and that his last attempt was properly denied as untimely.

In his opposition, Plaintiff argues for the first time that as part of the plea agreement in the criminal action in the District of South Dakota, he paid $50,000 as total forfeiture and that he did not agree to forfeit any other property beyond the agreed $50,000. (Opp. at 1.) Plaintiff asserts that he had "every reason to believe that when he entered into the plea agreement he was resolving all of the government's forfeiture claims by making a one-time payment of $50,000." (Docket No. 24 at 2.) Plaintiff asserts that if the government intended to keep the seized vehicles, it was required "'to reduce the outstanding liability ($50,000) of the personal forfeiture money judgment'" pursuant to the district judge's order in the criminal case. (*Id.*) Plaintiff is relying on the following language in the forfeiture money judgment: "A money judgment in the amount of $50,000 in United States currency is hereby entered against defendant, Jaymar Stanton Adams. [¶] Any property recovered from Jaymar Stanton Adams and forfeited by the government shall reduce the outstanding liability on the personal forfeiture money judgment." (Reply, Ex. E at 2.) In reply, Defendants assert that the administrative and criminal forfeiture cases are separate and distinct proceedings involving separate and distinct property, (Reply at 1), and that forfeiture laws permit the Government to proceed civilly or criminally or both, (*id.* at 5). Defendants also argue that Plaintiff appears to be arguing claim preclusion, which they assert was waived by failing to exhaust his administrative remedies and as otherwise without merit. (*Id.* at 3.) The Court finds that Plaintiff's

argument is more properly construed as a breach of plea agreement as he is seeking enforcement of said plea agreement and will analyze it accordingly.

According to the factual basis statement from the South Dakota criminal prosecution for conspiracy to distribute a controlled substance, Plaintiff stipulated to the following facts: "During the course of the Defendant's involvement, marijuana was exchanged for cash, and the Defendant personally accepted at least $50,000 in cash payments for the marijuana." (Reply, Ex. C at 2.) Furthermore, the forfeiture money judgment states the following: "The court has determined, based upon the facts set forth in the factual basis statement and at the change of plea hearing, which formed the factual basis for the plea, as well as the plea agreement in this matter, that the following property is subject to forfeiture as a result of the guilty plea to Count 1 of the fourth superseding indictment, and that the government has established the requisite nexus between such property and the offense: $50,000 in United States currency (forfeiture money judgment)." Clearly, the property at issue in the criminal proceedings was $50,000 which Plaintiff was alleged to have received for his involvement in the conspiracy to distribute marijuana. There is no mention of any other specific property, such as a truck or motorcycle. It is also apparent that $50,000 was a separate and distinct property from the vehicles and the cash that was found in the California home because Plaintiff was able to pay the judgment on the same day. (Reply, Ex. F.) Accordingly, there is no evidence that Plaintiff believed that the seized California property would be used to satisfy the South Dakota judgment when he entered into the plea agreement.

Furthermore, the undisputed evidence shows that while his criminal action involving $50,000 was pending in the District of South Dakota, Plaintiff was actively communicating separately with the CBP regarding the property seized in California. *See supra* at 2-3. There was no representation by CBP that the seized property would be adjudicated along with the criminal proceeding in South Dakota, and nowhere in his correspondence to CBP regarding the administrative forfeiture proceeding does Plaintiff make any indication that he believed one had anything to do with the other. In fact, the

plea agreement states that "The Defendant knowingly and voluntarily agrees to forfeit all interest in the following item (hereinafter referred to as "the property"): [¶] $50,000 in United States currency, which the Defendant admits represents proceeds generated from the illegal sales of marijuana in furtherance of the charged conspiracy." (Reply, Ex. B at 7.) Clearly, the only property at stake in the criminal proceedings was $50,000 which was seized in connection with the South Dakota criminal prosecution. The fact that the government seized other property during the execution of a valid search warrant did not require them to include all such property in a single criminal forfeiture nor preclude them from seeking a separate administrative forfeiture which is permitted under forfeiture laws. *See, e.g., United States v. One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204 (9th Cir. 1996). In addition, the fact that Plaintiff filed an untimely petition for relief with the CBP regarding the seized vehicles in June 2014, *after* judgment had been entered in March 2014 in the criminal action, indicates his understanding that the two matters – and the property involved – were unrelated.

Lastly, Plaintiff argues that there is no evidence that the property seized in Arcata, California was obtained " as a result of the commission of any crime." (Opp. at 1.) Plaintiff argues that there was no basis for the seizure of the property because the officers found no marijuana in the home or any evidence that the home was used to grow or process marijuana or any evidence related to the sale or distribution of marijuana. (*Id.*) Be that as it may, the proper avenue for contesting the seizure of this property was by pursuing administrative remedies as detailed in the CAFRA notice to Plaintiff dated September 17, 2012. (Docket No. 18, Ex. B.) The notice stated that the property had been seized pursuant to "Title 18, United States Code (U.S.C.) § 981(a)(1)(C) (proceeds derived from specified unlawful activity) for violation of 21 U.S.C. 841 (A)(1) (prohibited acts involving controlled substances)" and other violations. (*Id.* at 1.) If the property was not derived from unlawful activity as Plaintiff asserts, then he could have referred the matter for judicial proceedings to prove as much. He did not. Rather, he filed an offer in compromise. *See supra* at 3.

Order Granting MSJ
P:\PRO-SE\BLF\CR.14\04673Adams_grant-msj.wpd                    11

Based on the evidence presented, Defendants have shown that there is no genuine issue of material fact with respect to Plaintiff's claims presented in his petition for writ of mandamus. *See Celotex Corp.*, 477 U.S. at 323. In response, Plaintiff has failed to point to specific facts showing that there is a genuine issue for trial, *id.* at 324, or identify with reasonable particularity the evidence that precludes summary judgment, *Keenan*, 91 F.3d at 1279. Accordingly, Defendants are entitled to judgment as a matter of law. *Id.*; Celotex *Corp.*, 477 U.S. at 323.

### B. <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff also filed a motion for summary judgment, wherein he repeats his argument that the money judgment in the criminal action for $50,000 resolved his administrative forfeiture proceedings. (Docket No. 24 at 1.) Although Plaintiff submitted no evidence to support the motion, the Court has reviewed the relevant evidence submitted by Defendants in support of their motion for summary judgment. As discussed above, Plaintiff's argument is without merit. *See supra* at 9-11. The Court has reviewed the factual basis statement, the plea agreement, and the forfeiture money judgment and finds that there is no evidence to support Plaintiff's argument that the plea agreement was also intended to resolve the administrative proceedings involving the property seized in Arcata, California. *Id.* Accordingly, Plaintiff has failed to show that he is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 323.

The Court notes that Plaintiff states that he recently filed a § 2255[4] petition challenging his federal conviction, and that the government has been ordered to answer. (Reply at 3.) Accordingly, the Court need not consider Plaintiff's request for this Court to transfer this matter for further proceedings to the court in South Dakota which presided

---

[4]Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

over his criminal prosecution. (Docket No. 21 at 5.)

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment, (Docket No. 17), is **GRANTED**. The claims against them are **DISMISSED** with prejudice.[5] Plaintiff's motion for summary judgment, (Docket No. 24), is **DENIED**.

This order terminates Docket Nos. 17 and 24.

**IT IS SO ORDERED.**

DATED: Jan 14, 2016

BETH LABSON FREEMAN
United States District Judge

---

[5] Defendants also argue that sovereign immunity bars Plaintiff's claim for damages. (Docket No. 17 at 12-13.) However, the petition makes no claim for damages. Accordingly, the Court need not address this argument.